# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |  |
|---|---|
| MUSTAFA MUHAMMAD,<br><br>*Plaintiff*,<br><br>v.<br><br>EXECUTIVE OFFICE OF UNITED STATES ATTORNEYS *et al.*,<br><br>*Defendants*. | Civil Action No. 18-3159 (TJK) |

## **MEMORANDUM OPINION**

Mustafa Muhammad, a federal inmate proceeding *pro se* and *in forma pauperis*, filed this suit against the Department of Justice (DOJ) and its Executive Office of United States Attorneys (EOUSA) under the Freedom of Information Act, 5 U.S.C. § 552. Muhammad requested all records about himself and his conviction for interstate transportation of a minor for prostitution purposes because he does not believe his victim was underage. As far as the documents that remain at issue go, EOUSA withheld grand jury materials and other documents in the government's case file that identify the full name and age of his victim. EOUSA filed a motion for summary judgment, declaration, and Vaughn Index, relying on FOIA Exemptions 3, 5, 6, and 7, and Muhammad cross-moved for summary judgment. Because EOUSA has adequately justified its withholding of these documents under Exemptions 3 and 5, which protect from disclosure grand jury materials and attorney work product, the Court need not address the validity of EOUSA's other claimed exemptions. The Court will thus grant summary judgment in EOUSA's favor and deny Muhammad's cross-motion.

I.    Background

Muhammad filed a Freedom of Information Act (FOIA) request with the Department of Homeland Security (DHS) in 2016, No. 2016-ICFO-35470, seeking "any and all information on" himself and his case after a jury found him guilty of transporting a minor across state lines for prostitution in violation of 18 U.S.C. § 2423(a).  *United States v. Muhammad*, No. 3:14-cr-55-REP (E.D. Va. June 24, 2014); ECF No. 16-3 at 34.[1]  He sought "witness statements," "prosecution memoranda," "investigator's notes and reports," and other case-related files.  *Id.* at 34–35.  DHS's search for these materials produced 1,499 responsive pages.  *Id.* at 39.  It withheld portions of 1,331 pages and referred the rest to other agencies that produced them—including 40 pages to EOUSA—for decisions on disclosure.  *Id.*  EOUSA opened a separate FOIA case to review those documents, No. 2017-001944, and withheld them in full under Exemptions 3, 5, 7(C), and 7(D).  *Id.* at 43–46.  Muhammad appealed, and EOUSA affirmed on partly modified grounds, under Exemptions 3, 5, 7(C) and 7(F).  *Id.* at 47–54.

Muhammad filed this suit against EOUSA and DOJ in 2018 "regarding Request No. 2017-001944," ECF No. 1 ("Compl.") at 1, and the parties cross-moved for summary judgment, ECF Nos. 16, 20–21.  This time, EOUSA justified its withholdings under Exemptions 3, 5, 6, 7(C), and 7(F).  ECF No. 16-3 at 11–32 ("Vaughn Index").  It also "conducted a detailed, line-by-line review to satisfy EOUSA's reasonable segregability obligations" and found the responsive material either exempt or "so intertwined with non-exempt information that segregation of the non-exempt information was not reasonably possible without revealing exempt information or leaving nothing but meaningless words or sentence fragments."  ECF No. 16-3 at 1–10 ("Wilkinson Decl.") ¶ 31.

---

[1] Citations for all filings are to the ECF-generated page numbers.

While Muhammad challenges EOUSA's withholding of all 40 pages of "information [from] his case file(s) and folders," he asserts that his "entire case" under FOIA is focused on the age and full name of "the victim in his criminal proceeding." ECF No. 20 at 6; Compl. at 5; *see* ECF No. 20 at 7–9, 11; ECF No. 20-1 at 2; ECF No. 25 at 1, 3. Muhammad alleges that "he is wrongfully incarcerated for transporting an individual whom the Government has continually called a 'minor' but at the time of the offense the person was over the age of eighteen." ECF No. 20 at 6; *see* Compl. at 4. With an eye toward exonerating himself, he "is requesting the 40 pages that have been withheld in full" because they allegedly include the above information, which is "exculpatory or impeaching" under *Giglio v. United States*, 405 U.S. 150 (1972); *Brady v. Maryland*, 37 U.S. 83 (1963); and *Napue v. Illinois*, 360 U.S. 264 (1959). Compl. at 4. The 40 pages of withheld documents consist of (1) "grand jury subpoenas," (2) letters to "private citizen[s] directing" them "to produce certain records before a grand jury," and (3) three pages of "USAO-EDVA (Richmond) case tracking and notes." *See* Vaughn Index.

## II.  Legal Standard

Summary judgment is appropriate "when, viewing the evidence in the light most favorable to the non-movants and drawing all reasonable inferences accordingly," *Lopez v. Council on Am.-Islamic Relations Action Network, Inc.*, 826 F.3d 492, 496 (D.C. Cir. 2016), "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Where the non[-]moving party is proceeding *pro se*, courts in this jurisdiction will construe [his] filings liberally." *Cunningham v. U.S. Dep't of Justice*, 40 F. Supp. 3d 71, 82 (D.D.C. 2014).

3

"[T]he vast majority of FOIA cases can be resolved on summary judgment." *Brayton v. Office of U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011). "[A] district court reviewing a motion for summary judgment conducts a de novo review of the record, and the responding federal agency bears the burden of proving that it has complied with its obligations under . . . FOIA." *Roseberry-Andrews v. Dep't of Homeland Sec.*, 299 F. Supp. 3d 9, 18 (D.D.C. 2018) (quoting *MacLeod v. Dep't of Homeland Sec.*, No. 15-cv-1792 (KBJ), 2017 WL 4220398, at *6 (D.D.C. Sept. 21, 2017)). Indeed, even when the non-movant fails to file an opposition or present a coherent response to the movant's arguments, "a district court must always determine for itself whether the record and any undisputed material facts justify granting summary judgment." *Cable News Network, Inc. v. FBI*, 271 F. Supp. 3d 108, 111 (D.D.C. 2017) (quoting *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 507 (D.C. Cir. 2016)).

If the agency has invoked any of FOIA's exemptions, "[t]he burden is on the agency to justify withholding the requested documents." *EPIC v. U.S. Dep't of Homeland Sec.*, 777 F.3d 518, 522 (D.C. Cir. 2015). "Summary judgment is warranted on the basis of agency affidavits when the affidavits describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009) (quoting *Miller v. Casey*, 730 F.2d 773, 776 (D.C. Cir. 1984)). The agency cannot rely on "conclusory and generalized allegations of exemptions." *Morley v. CIA*, 508 F.3d 1108, 1115 (D.C. Cir. 2007) (quoting *Founding Church of Scientology of Wash., D.C., Inc. v. Nat'l Sec. Agency*, 610 F.2d 824, 830 (D.C. Cir. 1979)). Finally, the Court has an affirmative duty to ensure that the agency provides to the requestor, "[a]ny reasonably segregable portion of the record," 5 U.S.C. § 552(b), "unless

the exempt portions are 'inextricably intertwined with exempt portions.'" *Johnson v. Exec. Office for U.S. Attorneys*, 310 F.3d 771, 776 (D.C. Cir. 2002) (quoting *Mead Data Cent., Inc. v. Dep't of the Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977)). The agency is entitled to a presumption that it "complied with the obligation to disclose reasonably segregable material." *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1117 (D.C. Cir. 2007).

**III. Analysis**

The Court is satisfied that EOUSA's withholding of the 40 pages at issue was proper under FOIA Exemptions 3 and 5 and that it has withheld no segregable material from those records.[2]

**A. Exemption 3**

Exemption 3 permits agencies to withhold records "specifically exempted from disclosure by statute if that statute . . . requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue." 5 U.S.C. § 552(b)(3). Two withholding statutes are at issue here.

First, Federal Rule of Criminal Procedure 6(e)—a "statute" for purposes of Exemption 3 because Congress enacted it—prohibits disclosure, with limited exceptions inapplicable here, of "matters occurring before the grand jury." *Fund for Constitutional Gov't v. Nat'l Archives & Records Serv.*, 656 F.2d 856, 867–69 (D.C. Cir. 1981). Rule 6(e) protects against "not only the direct revelation of grand jury transcripts but also the disclosure of information which would

---

[2] EOUSA withheld documents uncovered by DHS's search, but because DHS is not a party, the adequacy of that search is not at issue in this case. *See* Wilkinson Decl. ¶¶ 5–8; ECF No. 16-3 at 39, 43. And although Muhammad argues that DHS improperly withheld 1,331 pages of responsive documents, ECF No. 20 at 5; ECF No. 25 at 3, the Court cannot order Defendants to produce documents pursuant to FOIA not within their "possession or control." *Wolfe v. Dep't of Health & Human Servs.*, 711 F.2d 1077, 1079 (D.C. Cir. 1983); *cf. Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 152 & n.6 (1980).

reveal 'the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of the jurors, and the like.'" *Id.* at 869 (quoting *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1382 (D.C. Cir. 1980)).

Rule 6(e) justifies EOUSA's withholding of the grand jury materials in question here from Muhammad. EOUSA withheld 28 pages of grand jury subpoenas that plainly fall under Rule 6(e)'s shield of "matters occurring before the grand jury." *Fund for Const'l Gov't*, 656 F.2d at 869; *see* Vaughn Index at 11, 13–18, 20–31. "All grand jury subpoenas . . . fall within FOIA's third exemption." *Lopez v. Dep't of Justice*, 393 F.3d 1345, 1350 (D.C. Cir. 2005). EOUSA also withheld nine "one-page letter[s]" from the United State's Attorney's Office for the Eastern District of Virginia, which prosecuted Muhammad, to private citizens "directing th[em] to produce certain records before a grand jury" in a "narcotics, domestic violence, and child endangerment investigation." Vaughn Index at 11, 13, 15, 17, 22, 24, 26, 28, 30. Those letters are no less deserving of protection from disclosure under Rule 6(e)—they reveal "the identities of witnesses" and "potential document[s]" presented to the grand jury that would divulge the "strategy or direction" of its investigation into Muhammad. *Fund for Constitutional Gov't*, 656 F.2d at 869 (internal quotation omitted); *see Boyd v. Exec. Office for United States Attorneys*, 161 F. Supp. 3d 1, 13 (D.D.C. 2015).

Second, the Child Victims' Act, 18 U.S.C. § 3509(d), "qualifies as an Exemption 3 withholding statute," *Rodriguez v. U.S. Dep't of Army*, 31 F. Supp. 3d 218, 237 (D.D.C. 2014), and prohibits disclosure of "the name or any other information concerning a child" victim of crime, 18 U.S.C. § 3509(d)(1)(A)(i). It justifies EOUSA's withholding of the parts of three pages of "USAO-EDVA (Richmond) case tracking and notes" that describe "children who were the victims of sexual exploitation," which appear to be the only portions of these three pages that

6

Muhammad seeks.[3] Vaughn Index at 19; *see Chase v. United States Dep't of Justice*, 301 F. Supp. 3d 146, 155 (D.D.C. 2018).

Muhammad argues that the Child Victims' Act does not bar disclosure to him because the Act has an exception for "the defendant," who is entitled to "the name of or other information concerning a child." 18 U.S.C. § 3509(d)(4); *see* ECF No. 20 at 7. But that subsection does not affect the statute's prohibition on disclosure in these circumstances. Muhammad is no longer a defendant in a criminal proceeding; he seeks these records as a FOIA plaintiff. *Cf. Moore v. Nat'l DNA Index Sys.*, 662 F. Supp. 2d 136, 140 (D.D.C. 2009). He "fails to recognize that the government's obligations in a FOIA case are not the same as its obligations in the underlying criminal case."[4] *Petrucelli v. Dep't of Justice*, 106 F. Supp. 3d 129, 134 (D.D.C. 2015).

---

[3] Although Muhammad represents that he only seeks disclosure of "the unknown 'alleged' minor[']s name . . . privately to him," and not to the public, ECF No. 20 at 9, his "rights in a FOIA action do not depend on his . . . identity" as a convict proclaiming his innocence. *North v. Walsh*, 881 F.2d 1088, 1096 (D.C. Cir. 1989). FOIA's "sole concern is with what must be made public or not made public." *Id.* (quoting *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 772 (1989)). And child victim information—if disclosed under FOIA—would "belong[] to [all] citizens to do with as they choose." *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 172 (2004).

[4] Muhammad suggests that the Government's obligations under *Giglio*, 405 U.S. 150; *Brady*, 37 U.S. 83; and *Napue*, 360 U.S. 264, are somehow relevant to the Court's FOIA analysis. *See* Compl. at 4. They are not. The government's discovery obligations in a criminal case "do not apply when FOIA requests are presented in a discrete civil action," *North*, 881 F.2d at 1096, and "a requester's personal need for information is immaterial to whether that information is protected from disclosure by one of the exemptions to the FOIA," *Engelking v. Drug Enf't Admin.*, 119 F.3d 980, 980–81 (D.C. Cir. 1997). Agencies therefore are not "required by FOIA to forego a statutory exemption for a document in its possession because the document has been identified as possibly exculpatory. Judicial process is available, both pre-trial and post-trial, for these purposes." *Johnson v. U.S. Dep't of Justice*, 758 F. Supp. 2, 5 (D.D.C. 1991).

B.      **Exemption 5**

Even if the Child Victims' Act did not bar EOUSA's disclosure, the prosecution's three pages of case notes (and the child victim information contained in those notes) are privileged attorney work product under Exemption 5, which permits withholding of "inter-agency or intra-agency memorandums or letters . . . [not] available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Exemption 5's protection of attorney work product "should be interpreted broadly and held largely inviolate" to protect from disclosure "[a]ny part of [a document] prepared in anticipation of litigation"—the "interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible" work product. *Judicial Watch, Inc. v. Dep't of Justice*, 432 F.3d 366, 369–71 (D.C. Cir. 2005) (quoting *Hickman v. Taylor*, 329 U.S. 495, 511 (1947); *Tax Analysts v. I.R.S.*, 117 F.3d 607, 620 (D.C. Cir. 1997)). "[F]actual material" is also "privileged when it appears within documents that are attorney work product," and "[if] a document is fully protected as work product, then segregability is not required." *Id.* at 371. That broad protection for attorney work product encompasses the prosecutors' case notes here, prepared in anticipation of litigation, which reveal their legal strategies, research, and opinions in Muhammad's case. Vaughn Index at 19; ECF No. 16-2 at 7–8; Wilkinson Decl. ¶¶ 21–22.

Because Exemptions 3 and 5 permit EOUSA to withhold the 40 pages of grand jury and attorney work product records from Muhammad, the Court will grant EOUSA summary judgment and need not address its additional bases for withholding documents.

**IV.    Conclusion**

For all these reasons, the Court will grant Defendants' Motion for Summary Judgment, ECF No. 16; deny Plaintiff's Cross-Motion for Summary Judgment, ECF No. 21; and enter judgment for Defendants.  A separate order will issue.

<u>/s/ Timothy J. Kelly</u>
TIMOTHY J. KELLY
United States District Judge

Date: March 23, 2020